Michael Rodenbaugh (SBN 179059)
RODENBAUGH LAW LLC
548 Market Street, Box 55819
San Francisco, CA 94104
(415) 738-8087
mike@rodenbaugh.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD GOULD,<br><br>          Plaintiff,<br><br>    vs.<br><br>IDENTITY DIGITAL, INC., CENTRALNIC NZ<br>LTD. d/b/a ONLYDOMAINS, and<br>NAMECHEAP, INC.<br><br>       Defendant(s) | Case No.:<br><br>COMPLAINT FOR DAMAGES AND FOR<br>DECLARATORY AND INJUNCTIVE RELIEF<br><br>1. BREACH OF CONTRACT<br>2. NEGLIGENCE<br>3. BREACH OF COVENANT OF GOOD<br>   FAITH AND FAIR DEALING<br>4. COMMON LAW CONVERSION OF<br>   INTANGIBLE PERSONAL PROPERTY<br>5. TORTIOUS INTERFERENCE WITH<br>   PROSPECTIVE ECONOMIC<br>   ADVANTAGE<br>6. TORTIOUS INTERFERENCE WITH<br>   CONTRACT<br>7. DECLARATORY AND INJUNCTIVE<br>   RELIEF<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff, Howard Gould, by and through his undersigned counsel, hereby alleges the following against Defendants Identity Digital, Inc., CentralNic NZ Ltd. d/b/a OnlyDomains, and Namecheap, Inc.:

## I. INTRODUCTION

1. This is an urgent action seeking immediate injunctive relief to prevent the sale or transfer of the Plaintiff's high-value internet domain name property **<Blockchain.ai>**.

2. The Plaintiff, the long-standing owner and registrant of the domain property since December 16, 2017, timely paid all required renewal and restoration fees to the original Registrar, Defendant OnlyDomains.

COMPLAINT FOR DAMAGES AND FOR DECLARATORY AND INJUNCTIVE RELIEF - 1

3. Despite Plaintiff's payments, the domain entered **PendingDelete** status with the Registry Operator, Defendant Identity Digital, Inc.

4. Adding extreme urgency to this matter, Plaintiff has discovered that Defendant **Namecheap, Inc.,** is currently conducting a public auction for the domain, which is scheduled to conclude at **8 a.m. PDT on Sunday, October 12, 2025**.

5. Plaintiff, via previous counsel, has written to Defendants to notify them of Plaintiff's continuing claim to ownership of the valuable domain property, and of the facts herein. (See Exhibit A hereto). However, despite both Plaintiff's demand and their clear Terms of Service allowing them to do so, Defendants Identity Digital and Namecheap have willfully and egregiously refused to take action to halt the pending auction until such time as Plaintiff's claim is properly considered by the Defendants and/or this Court.

6. Unless the Defendants relent and/or this Court intervenes immediately, the valuable domain property, which Plaintiff has paid Defendant OnlyDomains to register and restore, will be sold to a third-party bidder on the Namecheap marketplace platform, causing immediate, severe and irreparable harm to Plaintiff, and unjustly enriching the Defendants Identity Digital and Namecheap.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States (diversity of citizenship).

7. This Court has personal jurisdiction over the Defendants because, upon information and belief, they transact substantial business and/or engage in activities giving rise to this cause of action within the Central District of California. Specifically, Defendant Identity Digital maintains a regular office and other business operations in this District and is subject to both general and personal jurisdiction here. The other Defendants have contracts with Defendant Identity Digital by which they have offered the subject domain for sale, registered it to Plaintiff, and are currently purporting to auction the domain to the highest bidder.

8. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391, as on information and belief Defendant Identity Digital resides here, and this Court has personal jurisdiction over that Defendant.

## III. PARTIES

9. **Plaintiff HOWARD GOULD** is the original, continuous and current owner and registrant of the domain name **<Blockchain.ai>,** and is a resident of Connecticut.

10. **Defendant IDENTITY DIGITAL, INC.**, on information and belief is a Delaware corporation and is the Registry Services Provider for the **.AI domain registry**. Identity Digital holds the exclusive technical ability to place a registry-level hold on the domain to halt the deletion cycle and restore the domain property to Plaintiff.

11. **Defendant CENTRALNIC NZ LTD. d/b/a ONLYDOMAINS**, on information and belief is a New Zealand corporation and is the original Registrar for the domain, responsible for processing renewal and restoration fees and for maintaining the domain in an account under the control of Plaintiff.

12. **Defendant NAMECHEAP, INC.**, on information and belief is a Delaware corporation and is a domain registrar and domain auction services provider. Namecheap is currently facilitating a public auction of the domain **<Blockchain.ai>**, creating the immediate threat of irreparable harm to Plaintiff.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff Gould has maintained continuous and exclusive ownership and registration of the domain **<Blockchain.ai>** since December 16, 2017.

14. The domain registration with Defendant OnlyDomains apparently expired around July 19, 2025. In mid-September 2025, Plaintiff was advised that auto-renewal had failed.

15. On September 21, 2025 (64 days after expiration), Plaintiff paid the **renewal fee** to OnlyDomains. As soon as it was requested by OnlyDomains, Plaintiff subsequently paid the separate **restore fee** to OnlyDomains. Both payments were timely made within the required restoration windows as communicated by OnlyDomains and/or Identity Digital.

16. Despite accepting both payments, OnlyDomains apparently failed to properly process the restoration and/or renewal, and the domain entered **PendingDelete** status with Identity Digital on or about October 8, 2025.

17. On information and belief, once the domain is in **PendingDelete** status, OnlyDomains cannot effect changes; only Identity Digital and/or Namecheap can prevent deletion, auction, transfer and/or third-party re-registration.

18. **Immediate Threat of Harm:** Plaintiff has now discovered that Defendant Namecheap is facilitating an auction for the domain <**Blockchain.ai**>. This auction, located at the URL <**https://www.namecheap.com/market/blockchain.ai/**> is scheduled to end at **8 a.m. PDT on Sunday, October 12, 2025.** Here is a copy of the current auction listing as shown on Namecheap:



COMPLAINT FOR DAMAGES AND FOR DECLARATORY AND INJUNCTIVE RELIEF - 4

19. On information and belief, Richard Kirkendall, CEO of Defendant Namecheap, is personally aware of this auction on the Namecheap platform, and has promoted it in his personal X.com (fka Twitter) account.

20. OnlyDomains, Identity Digital and/or Namecheap's act of auctioning the domain after Plaintiff paid all required fees constitutes an unlawful interference with Plaintiff's rights. Plaintiff is prevented from quiet enjoyment of his valuable property, and faces potential loss of same.

21. The impending sale by OnlyDomains, Identity Digital and/or Namecheap would constitute a an unauthorized taking of the domain property from Plaintiff.

22. The harm to Plaintiff is immediate and irreparable, as he is unable to use his property, and if the auction completes then the domain registration purportedly would be transferred to a third party.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

### (Against CentralNic NZ Ltd. d/b/a OnlyDomains)

23. **Existence of a Contract:** A valid and enforceable contract existed between Plaintiff Howard Gould and Defendant OnlyDomains (CentralNic NZ Ltd.) for domain registration, renewal, and restoration services, arising from Plaintiff's status as the current registrant of `<Blockchain.ai>` and the continuous renewal agreements executed since 2017.

24. **Plaintiff's Performance:** Plaintiff fully performed his obligations under the contract by setting the domain to auto-renew and, upon learning the auto-renewal failed, by promptly paying both the required renewal fee on September 21, 2025, and the subsequently demanded restore fee.

25. **Defendant's Breach:** OnlyDomains materially breached the contract by failing to process the auto-renewal and/or failing to complete the necessary steps to reinstate the domain to Plaintiff's control and to active status after accepting both the renewal and restoration fees from Plaintiff, thereby causing the domain to enter **PendingDelete** status.

26. **Damages:** As a direct and proximate result of OnlyDomains' breach, Plaintiff has suffered and will continue to suffer damages, including the ongoing loss of use of his property and the imminent loss of the valuable domain name to a third party at auction.

## SECOND CAUSE OF ACTION: NEGLIGENCE

### (Against All Defendants)

27. **Duty of Care:** OnlyDomains owed a professional and contractual duty of care to Plaintiff, its client and the domain registrant, to properly administer the domain's renewal, to accurately communicate payment requirements, and to execute the necessary transactions with the registry to maintain the domain's registration upon receipt of funds. Identity Digital and Namecheap, upon notice from Plaintiff of the aforementioned facts, owed a professional duty pursuant to their Terms of Service to at least postpone the aforementioned auction until such time as those Defendants and/or this Court can consider Plaintiff's claim of continued ownership.

28. **Breach of Duty:** OnlyDomains breached this duty of care by: (a) failing to ensure the domain's auto-renewal processed; (b) failing to provide an immediate and effective mechanism for the payment of the restore fee; and (c) failing to use the accepted payments to successfully pull the domain out of the deletion cycle, resulting in its entry into **PendingDelete**.  Identity Digital and Namecheap breached their duty by failing to postpone or cancel the auction and restore the domain to Plaintiff, despite Plaintiff's notification and presentation of evidence proving the aforementioned facts.

29. **Causation:** OnlyDomains' negligent failure to process the renewal and restoration correctly after accepting payment directly caused the domain to enter a stage (**PendingDelete**) where the registrar could no longer effect changes, and where Identity Digital and Namecheap have refused to postpone and/or cancel the auction and restore the domain to Plaintiff's control, thereby necessitating this emergency action to prevent its loss.

30. **Damages:** As a direct and proximate result of Defendants' negligence, Plaintiff faces the immediate and irreparable harm of losing his domain `<Blockchain.ai>` and has incurred significant legal expenses in attempting to rectify the Defendants' failures.

## THIRD CAUSE OF ACTION: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against CentralNic NZ Ltd. d/b/a OnlyDomains)

31. **Existence of Contractual Relationship:** As alleged above, a valid contract for domain registration and renewal services existed between Plaintiff and OnlyDomains, which implies a covenant of good faith and fair dealing in every contract, requiring each party not to intentionally injure the other's right to receive the benefits of the agreement.

32. **Breach of Covenant:** OnlyDomains breached the covenant of good faith and fair dealing by engaging in bad faith conduct, including failing to provide a mechanism or invoice to pay the restore fee when requested, thus delaying restoration, and then failing to communicate the payments to the Registry (Identity Digital) to prevent deletion, effectively ensuring the Plaintiff would lose the benefit of the restoration payment he made.

33. **Causation:** The actions and omissions of OnlyDomains, including withholding a proper payment mechanism and failing to effect the change after accepting payment, were calculated to, and did, deprive Plaintiff of the benefit of his contract—the continued ownership of the domain `<Blockchain.ai>`.

34. **Damages:** As a result of OnlyDomains' breach of the implied covenant, Plaintiff faces the loss of the domain, the benefit of the bargain, and has incurred expenses and costs.

## FOURTH CAUSE OF ACTION: COMMON LAW CONVERSION OF PERSONAL PROPERTY

### (Against All Defendants)

35. **Plaintiff's Ownership and Right to Possession:** Plaintiff Howard Gould has the immediate and superior right to possession of the domain name `<Blockchain.ai>`, a valuable item of intangible property, because he is the current owner and registrant and has paid all required renewal and restoration fees to maintain that ownership.

36. **Defendants' Conversion:** Defendants OnlyDomains, Identity Digital and Namecheap, through their actions and continued control, have substantially interfered with Plaintiff's ownership rights: OnlyDomains by wrongfully allowing the domain to enter **PendingDelete** after payment,

and both Identity Digital and Namecheap by exercising unauthorized dominion over the domain, by placing it in an auction for sale to a third party, and by refusing to postpone and/or cancel that auction despite Plaintiff's reasonable demand and presentation of appropriate evidence.

37. **Causation:** The unauthorized dominion asserted by Identity Digital and Namecheap through the auction, based on the wrongful inaction of OnlyDomains, is a direct cause of Plaintiff's inability to exercise his exclusive rights over the domain.

38. **Damages:** As a result of the Defendants' conversion, Plaintiff has been completely deprived of the use and benefit of his property and faces its permanent loss.

### FIFTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (Against All Defendants)

39. **Economic Relationship:** Plaintiff has an existing economic relationship with the public and prospective clients, goodwill, and investment associated with the valuable domain `<Blockchain.ai>`, providing a probable future economic benefit and advantage to Plaintiff. Indeed, Plaintiff has received a number of substantial, unsolicited offers to purchase the domain.

40. **Defendants' Knowledge and Intent:** Defendants knew of this economic relationship and benefit, or should have known given the domain's status and the nature of the domain registration and auction industry.

41. **Wrongful Conduct:** The Defendants engaged in independently wrongful conduct: OnlyDomains by failing to restore and/or renew the domain despite receipt of timely payments from Plaintiff, Namecheap and Identity Digital by auctioning a domain that was subject to a valid dispute, and Identity Digital by refusing to place the domain on requested registry hold despite being notified of the Plaintiff's timely payments and the imminent, irreparable harm that the completion of the auction will cause to Plaintiff.

42. **Causation and Damages:** The wrongful conduct of OnlyDomains' failures, Namecheap and Identity Digital in auctioning the domain, and Identity Digital in failing to halt the deletion cycle has directly interfered with Plaintiff's prospective economic advantage, causing the potential loss of the domain and the value associated with it.

**SIXTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH CONTRACT**

**(Against Namecheap, Inc. and Identity Digital)**

43. **Existence of Contract:** Plaintiff and OnlyDomains (Registrar) have a contract for the maintenance and restoration of the domain `<Blockchain.ai>`. Plaintiff and Identity Digital (Registry) also have a contractual relationship governing the domain's life cycle.

44. **Defendant's Knowledge and Intent:** Defendants Namecheap and Identity Digital knew of the general contractual relationships and rights of a domain registrant, and specifically became aware of the dispute and Plaintiff's claims to the domain upon receipt of the letter at Exhibit A, and again upon the filing of this Complaint, yet continues to facilitate the auction.

45. **Intentional Act of Interference:** Namecheap and Identity Digital intentionally interfered with Plaintiff's contract with OnlyDomains by conducting an auction that presupposes the domain is available for sale, thereby inducing the ultimate breach of the restoration contract and leading to the domain's transfer.

46. **Causation and Damages:** Namecheap's and Identity Digital's interference directly led to the threatened loss of the domain, thereby damaging Plaintiff by inducing the contract's destruction and forcing this emergency legal action.

**SEVENTH CAUSE OF ACTION: DECLARATORY AND INJUNCTIVE RELIEF**

**(Against All Defendants)**

47. **Basis for Relief (Irreparable Harm):** Plaintiff has no adequate remedy at law because the domain `<Blockchain.ai>` is unique, and its loss to a third party via auction constitutes immediate and irreparable harm that cannot be quantified or compensated solely by monetary damages.

48. **Entitlement to Declaratory Judgment:** Plaintiff is entitled to a judicial declaration that, based on his payment of both the renewal and restore fees, the domain `<Blockchain.ai>` has been properly paid for, is the property of Plaintiff, and is not lawfully subject to deletion or public auction.

49. **Entitlement to Mandatory Injunction:** Plaintiff is entitled to a Temporary Restraining Order and mandatory injunction compelling Defendants Identity Digital and Namecheap, Inc., to

immediately suspend or cancel the scheduled auction of the domain as it is based on a wrongful deletion status caused by co-Defendant OnlyDomains.

50. **Entitlement to Mandatory Injunction (Identity Digital):** Plaintiff is entitled to a Temporary Restraining Order and mandatory injunction compelling Identity Digital, as the exclusive Registry Services Provider, to immediately place a **registry-level hold** on the domain to prevent it from dropping and to **reinstate the domain to active status** under Mr. Gould's control.

51. **Balance of Hardships:** The balance of hardships weighs heavily in favor of Plaintiff, who has paid to maintain registration of the valuable domain property and faces its imminent loss. The Defendants face, at most, a temporary administrative hold while the merits of the parties' dispute are resolved.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Howard Gould prays for judgment against Defendants, and for relief as follows:

A. **For an Immediate Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction** compelling all Defendants, and specifically **Defendants Namecheap and/or Identity Digital, to immediately stop and cancel the auction** for the domain `<Blockchain.ai>`.

B. **For a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction** against Defendant Identity Digital, compelling it to: 1. Immediately place a **registry-level hold** on the domain `<Blockchain.ai>` to halt the release/deletion cycle; and 2. Reinstate the domain `<Blockchain.ai>` to active status under the control of Plaintiff Howard Gould.

C. **For a Declaratory Judgment** declaring that the domain registration for `<Blockchain.ai>` was properly renewed and restored, and that Plaintiff Howard Gould is the rightful registrant and owner of that valuable domain property.

D. **For Compensatory Damages** against Defendant CentralNic NZ Ltd. d/b/a OnlyDomains for Breach of Contract, Negligence, Breach of Covenant of Good Faith and Fair Dealing and Tortious Interference.

E. **For General and Special Damages** against all Defendants for Negligence, Conversion and Tortious Interference.

F. **For Pre-judgment and Post-judgment Interest, and Plaintiff's reasonable attorneys' fees and costs.**

G. **For such other and further relief** as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 11th day of October, 2025

*/s/ Mike Rodenbaugh*
Michael Rodenbaugh (SBN 179059)
RODENBAUGH LAW LLC
548 Market Street, Box 55819
San Francisco, CA 94104
(415) 738-8087
mike@rodenbaugh.com

Counsel for Plaintiff